## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOSES HAMPTON, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | No. 20-6279 |
| v. | : | |
| | : | |
| SPEEDWAY, LLC, and<br>RICHARD MYRICK, | : | |
|     Defendants. | : | |

### MEMORANDUM

Plaintiff Moses Hampton brings suit against Defendants Speedway LLC ("Speedway") and Richard Myrick, alleging negligence, assault, and battery. Hampton moves to remand this action to state court. I will grant Hampton's motion to remand.

**I.     BACKGROUND**

On November 5, 2020, Hampton filed this action in the Court of Common Pleas in Philadelphia County against Myrick and Speedway. *See* Def.'s Notice of Removal, Ex. 1 at 5, ECF No. 1. Hampton is a citizen of Pennsylvania. *See* Notice of Removal at 1, ECF No. 1. Myrick is also a citizen of Pennsylvania. *Id.* at 2. Speedway is incorporated in Delaware and has its principal place of business in Ohio. *Id.* at 1-2.

On December 14, 2020, Speedway removed this case to federal court based on its contention that there was diversity of citizenship because at the time Speedway removed the case Myrick had not been served. *See* Def.'s Resp. in Opp. at 1, ECF No. 6. On December 22, 2020, Hampton filed this motion to remand. *See* First Mot. to Remand to State Court, ECF No. 2. On March 30, 2021, the Court held oral argument on Hampton's motion.

## II. DISCUSSION

A federal court has a duty to ensure it has subject matter jurisdiction over any matters before it and must remand the matter if there is no subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Therefore, prior to hearing any other issue in this case, the Court must first determine whether it has subject matter jurisdiction.

District courts can exercise jurisdiction over matters that arise under federal law and "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different States." 28 U.S.C. § 1331; 28 U.S.C. § 1332(a). A defendant can remove a civil action brought in state court "of which the district courts of the United States have original jurisdiction." 18 U.S.C. § 1441(a). In other words, removal is only proper for a matter that could have been filed in federal court from the start. The removal statute, § 1441(a), does not confer jurisdiction. Instead, § 1441(a) provides a mechanism to move a matter from state court to federal court only when there is federal question jurisdiction or diversity jurisdiction.[1]

Hampton moves to remand to state court on the grounds that the court lacks diversity jurisdiction because both Hampton and Myrick are Pennsylvania citizens. Speedway opposes remand on the basis that at the time of removal there was complete diversity because Myrick was not served.[2]

---

[1] If a matter can be removed, a defendant must follow the procedures for removal outlined in 28 U.S.C. § 1446.

[2] Speedway additionally argues in a surreply that diversity jurisdiction exists because Myrick still has not been properly served. As discussed below, service is irrelevant to the determination of diversity jurisdiction. *See* § 1332(a). Speedway also alludes to the idea that Myrick may not be a Pennsylvania citizen and therefore there is diversity jurisdiction. The burden of establishing

2

For purposes of diversity jurisdiction under § 1332(a), it does not matter whether a defendant was served at the time of removal. Rather, the citizenship of all parties must be considered when determining whether there is diversity jurisdiction. § 1332(a). In *Hampton v. Willow Grove Park Mall*, a case with nearly identical facts as the present matter, the court granted the plaintiff's motion to remand after it determined it lacked subject matter jurisdiction. No. 20-cv-04298, 2020 WL 6200298, at *3 (E.D. Pa. Oct. 22, 2020) (Wolson, J.). There, the matter involved a Pennsylvania plaintiff and Pennsylvania defendants. *Id.* at *1. One defendant removed the matter prior to the service of any defendants, including the Pennsylvania defendants. *Id.* The court labelled the removal as "wishful thinking" and noted to allow removal only because a diversity-defeating defendant had not yet been served, "would make a mockery of the concept of limited jurisdiction for federal courts." *Id.* As in *Hampton v. Willow Grove Park Mall*, Hampton and Myrick are both citizens of Pennsylvania. Therefore, the matter has not met the complete diversity requirement of § 1332(a) and it cannot be removed.

Speedway relies on the Third Circuit's decision in *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147 (3d Cir. 2018). Speedway misapplies *Encompass*. In *Encompass*, the plaintiff, a citizen of Illinois, brought an action against the defendant, a citizen of Pennsylvania, in Pennsylvania state court. *Id.* at 149. The defendant removed the case to federal court prior to being served. *Id.* at 150. This type of removal is a strategy known as "snap removal." *Id.* at 152. Critically, and unlike the present action, *Encompass* involved completely diverse parties and the application of the forum defendant rule. The forum defendant rule prohibits a defendant that is a

---

jurisdiction is on the removing party. *See Johnson v. SmithKline Beecham Corp.*, 742 F.3d 337, 346 (3d Cir. 2013) (internal citation omitted). Further, Hampton has alleged that Myrick is a Pennsylvania citizen and has provided an affidavit to show that Myrick is a Pennsylvania citizen and has been properly served pursuant to Pa. R. Civ. P. 402(a). *See* Affidavit of Service DF Myrick, ECF No. 22; Affidavit in Opposition to Mot. for Sur-Reply, ECF No. 28.

citizen of the forum state from removing the case to federal court when removal is based solely on diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2). In *Encompass,* The Third Circuit held that removal was proper because a defendant can remove a state court action involving diverse parties prior to being served to avoid the forum-defendant rule of 28 U.S.C. § 1441(b)(2). *Id*. at 153-54.

"*Encompass* stands only for the proposition that a court can disregard a forum defendant that has not yet been served in determining whether the forum defendant rule bars removal. . . The decision in *Encompass* says nothing about disregarding certain defendants to determine whether diversity jurisdiction exists." *Hampton*, 2020 WL 6200298, at *3. In the present action, Speedway improperly asks this Court to disregard Myrick to determine there is diversity. This case includes a plaintiff and a defendant that are citizens of Pennsylvania and no federal question is involved. Section 1332(a) requires complete diversity among all parties and this case does not have complete diversity. Therefore, this case does not fall within this Court's original jurisdiction. *See* § 1332(a).

Speedway almost exclusively cites to the first opinion in *Dillard v. TD* Bank, *NA*, No. 1:20-cv-07886, 2020 WL 4339347 (D.N.J. July 28, 2020) to support its argument. *See* Def.'s Mot. in Opp. at 3-4. Speedway however, fails to acknowledge that the court reconsidered its opinion in a later ruling. *See Dillard v. TD Bank*, *NA*, No. 1:20-cv-07886, 2021 WL 1085461, at *1 (D.N.J. Mar. 22, 2021). The plaintiff in *Dillard*, a citizen of New Jersey, brought suit against TD Bank, a Delaware citizen, and Katie Gordon, a New Jersey Citizen. 2020 WL 4339347, at *1. Defendant TD Bank removed the case before defendant Gordon was served. *Id.* Relying on *Encompass*, the court first rejected the plaintiff's "consent motion to remand" after determining removal was proper because "snap removal allows a non-forum defendant to remove an action

4

before the diversity-defeating defendant is served." *Id.* (citing *Encompass*, 902 F.3d at 153).

Upon plaintiff's motion for remand and reconsideration, the court disagreed with its previous ruling and granted plaintiff's motion to remand. *See Dillard v. TD Bank*, 2021 WL 1085461, at *1. The court determined that his previous reliance on *Encompass* was misplaced because "[*Encompass*] addressed snap removal in the context of completely diverse parties, and therefore did not speak to the propriety of snap removal before a diversity-defeating defendant is served." *Id.* at *2 (citing *Encompass*, 902 F.3d at 152-53). Instead, the court explained "as courts in this Circuit have repeatedly recognized, the citizenship of all named defendants must be considered in determining whether diversity jurisdiction has been established, regardless of whether they have yet been served." *Id.* at *3 (citations omitted). Because there was "no dispute" that plaintiff and defendant Gordon in *Dillard* are both citizens of New Jersey, the complete diversity requirement of § 1332(a) was unsatisfied and remand was required. *Id.*

Here, the complete diversity requirement of § 1332(a) is not met and this Court lacks subject matter jurisdiction over the case. The matter must be remanded and heard in state court.

### III.   CONCLUSION

For the above reasons, I will grant Hampton's motion to remand.

                                                       s/ANITA B. BRODY, J.
                                                       ANITA B. BRODY, J.

Copies **VIA ECF**